UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

PASCHAL SECURITY SYSTEMS, LLC,

    Defendant.

Case No. 24-10201
Honorable Laurie J. Michelson

---

**ORDER GRANTING PLAINTIFF'S MOTION TO SUE UNDER A PSEUDONYM [2]**

---

In October 2023, John Doe applied to work as a driver for Suburban Mobility Authority for Regional Transportation. (ECF No. 1, PageID.9.) He got the job—pending the results of a background check. (*Id.* at PageID.10.) So Doe waited to hear from SMART about onboarding, while SMART awaited Doe's background check from Paschal Security Systems, LLC, the consumer reporting agency and background check company with whom SMART had contracted. (*Id.* at PageID.2, 8, 10–11.)

When Doe "never heard back from SMART," he "obtained a copy" of the background check that SMART bought from Paschal. (*Id.* at PageID.12.) It reported that Doe had been convicted of a felony—even though he "was only ever convicted of a *misdemeanor*" and even though "the misdemeanor conviction was set aside and sealed." (*Id.* at PageID.10–11.) "Had [Paschal] performed even a cursory review of the underlying public court records, it would have discovered that [Doe] has never been convicted of a felony," says Doe. (*Id.* at PageID.2.) So Doe filed suit, alleging that

Paschal's "fail[ure] to follow reasonable procedures to assure that the report was as accurate as maximally possible" cost him his job with SMART and violated the Fair Credit Reporting Act. (*Id.* at PageID.11–14.)

Along with his complaint, Doe filed a motion to proceed under a pseudonym. (ECF No. 2.) Paschal has no objection. For the reasons that follow, the Court will grant Doe's unopposed motion.

## I.

Generally, "a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)). But the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 15-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001)). "The basic consideration for determining whether a plaintiff should be allowed to proceed pseudonymously is 'whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.'" *Doe I–VIII v. Sturdivant*, No. 06-10214, 2006 U.S. Dist. LEXIS 115116, at *2 (E.D. Mich. Apr. 7, 2006) (quoting *Porter*, 370 F.3d at 560). The Sixth Circuit has identified several factors for courts to consider in this analysis, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel

2

> the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a] child[].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). "[N]o one *Porter* factor is dispositive . . . ." *Doe #11 v. Lee*, No. 22-00338, 2023 WL 1929996, at *3 (M.D. Tenn. Feb. 10, 2023) (citing *Doe v. Whitmer*, No. 19-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019)).

Only the second *Porter* factor is relevant in this case: whether the litigation will disclose information of the utmost intimacy. Specifically, Doe asserts that non-pseudonymous litigation would reveal information about his expunged misdemeanor conviction and publicly associate his identity with a criminal record that in effect no longer exists. The Court concludes that this consideration weighs strongly in Doe's favor and on balance justifies an exception to the presumption favoring openness.

## II.

Doe was convicted of a misdemeanor in 1999 and had that conviction expunged in 2009. (*See* ECF No. 2, PageID.19.) Yet Doe says that last year Paschal reported that sealed misdemeanor conviction to a prospective employer, and reported it as a *felony* conviction. (*See id.*) So Doe has sued Paschal, not only for giving SMART an inaccurate picture of his criminal record but for "reporting the *wrong charge type*" and revealing the details of a sealed conviction "that should not have been reported in the first place." (ECF No. 1, PageID.9.)

"In order to litigate [Doe's] claims against Paschal, the parties will necessarily have to present evidence as to Plaintiff's expunged criminal conviction and arrest."

3

(ECF No. 2, PageID.23.) In turn, disclosure of Doe's identity would "creat[e] a publicly available record containing specific references to the set aside and sealed criminal record." (*Id.*) Non-pseudonymous litigation would thus "undermine . . . the very act of expungement," which is intended to make it as though Doe's conviction never occurred. (*Id.* at PageID.22 (citing Mich. Comp. Laws § 780.622)); *see Lee*, 2023 WL 1929996, at *20 (explaining that pseudonymous litigation was appropriate in *Sturdivant*, where the plaintiffs' criminal records had been expunged because "the record of the federal lawsuit would have permanently undermined the relief [those plaintiffs] sought because no other public record of their convictions existed due to the expungements").

And Doe has demonstrated that his fears of harm and retaliation resulting from disclosure of his identity are not "generalized and unspecific" or "merely hypothetical." *Doe v. Tenn. Bd. of L. Exam'rs*, No. 22-138, 2022 WL 2951447, at *2 (E.D. Tenn. July 25, 2022) (citing *Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. 20-6, 2020 WL 998809, at *3 (E.D. Ky. Mar. 2, 2020)); *Does 1–114 v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010). He alleges that "having his identity revealed" in connection with "his expunged criminal record" "has already resulted in a lost employment opportunity." (ECF No. 2, PageID.23; *see id.* at PageID.24 ("Plaintiff has every reason to believe that if others, including current and future employers, discovered that he had a criminal record, even an expunged record, it would harm his reputation, his financial condition, and his relationships.")); ECF

4

No. 1, PageID.12 ("Upon information and belief, Plaintiff's job offer was revoked by SMART as a direct result of the felony conviction reported by Defendant.").)

These circumstances persuade the Court that pseudonymous litigation is appropriate. Courts in this Circuit, including this one, have reached the same conclusion in other cases involving expunged criminal records. *See, e.g.*, *Sturdivant*, 2006 U.S. Dist. LEXIS 115116, at *4 (granting motion to proceed under pseudonym and finding that "the fact that one has been convicted when that conviction has been set aside and the record sealed from public disclosure is 'of the utmost intimacy'"); *Doe v. Ronan*, No. 09-243, 2009 U.S. Dist. LEXIS 147007, at *3–4 (S.D. Ohio June 4, 2009); s*ee also Doe v. Lee*, No. 22-00569, 2023 WL 2587790, at *3 (M.D. Tenn. Mar. 21, 2023) ("Revealing the fact of a prior conviction may weigh in favor of anonymity where, for example, the conviction has been expunged."); *Lee*, 2023 WL 1929996, at *19–20 (denying plaintiff's motion to proceed under a pseudonym and distinguishing *Sturdivant*, where plaintiffs' motion was granted, on the basis that the instant plaintiff's conviction "is *already* publicly available" while the *Sturdivant* plaintiffs' convictions had been expunged).

True, Doe elected to bring this suit, and "[i]dentifying the parties to [a] proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *1 (E.D. Mich. July 22, 2015) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). But the Court agrees with Doe that "[t]here is nothing about Plaintiff's identity or status which elevates the public interest in this

case," and "the public interest will continue to be served, even with the Plaintiff proceeding pseudonymously, as the record in this case will not be sealed and the legal and procedural rulings in this case will remain a matter of public record." (ECF No. 2, PageID.24–25.)

And, critically, Paschal is not prejudiced by the Court granting Doe's motion (*see id.* at PageID.26), as Paschal is not "being forced to proceed with insufficient information," *Citizens for a Strong Ohio*, 123 F. App'x at 636. Doe "will provide Paschal with relevant information concerning Plaintiff's identity to allow Paschal to identify Plaintiff within its records." (ECF No. 2, PageID.26.) As long as Paschal knows Doe's true identity, it would seem that "[t]he only limitation on the parties" is that they "are to use the term 'John Doe' instead of Plaintiff's actual name." *Ronan*, 2009 U.S. Dist. LEXIS 147007, at *3; *see Sturdivant*, 2006 U.S. Dist. LEXIS 115116, at *5 ("Plaintiffs indicate their willingness to reveal their true identities to opposing counsel. Therefore Defendant will not be hindered in his ability to defend against Plaintiffs' claims.").

## III.

In sum, the Court concludes that the balance of Doe's interests in nondisclosure outweigh the public's right of access to his identity. Accordingly, Doe's motion to sue under a pseudonym (ECF No. 2) is GRANTED.

SO ORDERED.

Dated: April 12, 2024

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE